1  BARBARA J. PARKER (Bar No. 69722)
     bparker@oaklandcityattorney.org
2  MARIA BEE (Bar No. 167716)
     mbee@oaklandcityattorney.org
3  ERIN BERNSTEIN (Bar No. 231539)
     ebernstein@oaklandcityattorney.org
4  **OAKLAND CITY ATTORNEY**
   One Frank Ogawa Plaza, 6th Floor
5  Oakland, California  94612
   Telephone:  (510) 238-3601
6  Facsimile:   (510) 238-6500

7  CLIFFORD H. PEARSON (Bar No. 108523)
     cpearson@pswlaw.com
8  DANIEL L. WARSHAW (Bar No. 185365)
     dwarsshaw@pswlaw.com
9  MICHAEL H. PEARSON (Bar No. 277857)
     mpearson@pswlaw.com
10 MATTHEW A. PEARSON (Bar No. 291484)
     mapearson@pswlaw.com
11 **PEARSON, SIMON & WARSHAW, LLP**
   15165 Ventura Boulevard, Suite 400
12 Sherman Oaks, California  91403
   Telephone: (818) 788-8300
13 Facsimile:  (818) 788-8104

   JAMES W. QUINN (*pro hac vice*)
     jquinn@bafirm.com
   DAVID BERG (*pro hac vice*)
     dberg@bafirm.com
   MICHAEL M. FAY (*pro hac vice*)
     mfay@bafirm.com
   JENNY H. KIM (*pro hac vice*)
     jkim@bafirm.com
   CHRIS L. SPRENGLE (*pro hac vice*)
     csprengle@bafirm.com
   BRONWYN M. JAMES (*pro hac vice*)
     bjames@bafirm.com
   **BERG & ANDROPHY**
   120 West 45th Street, 38th Floor
   New York, New York  10036
   Telephone:  (646) 766-0073
   Facsimile:   (646) 219-1977

14 [Additional Counsel Listed on Signature Page]

15 *Attorneys for Plaintiff City of Oakland*

16 **UNITED STATES DISTRICT COURT**

17 **NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION**

| | |
|---|---|
| 18  CITY OF OAKLAND, | CASE NO. 3:18-cv-07444-JCS |
| 19               Plaintiff, | **PLAINTIFF CITY OF OAKLAND'S OBJECTION AND RESPONSE TO THE STATEMENT OF INTEREST OF THE UNITED STATES** |
| 20        v. | |
| 21  THE OAKLAND RAIDERS, A CALIFORNIA LIMITED PARTNERSHIP; | Date:     July 19, 2019<br>Time:     9:30 a.m.<br>Place:    Courtroom G, 15th Floor |
| 22  ARIZONA CARDINALS FOOTBALL CLUB LLC; ATLANTA FALCONS FOOTBALL | |
| 23  CLUB, LLC; BALTIMORE RAVENS LIMITED PARTNERSHIP; BUFFALO | Assigned to the Honorable Joseph C. Spero |
| 24  BILLS, LLC; PANTHERS FOOTBALL, LLC; THE CHICAGO BEARS FOOTBALL | |
| 25  CLUB, INC.; CINCINNATI BENGALS, INC.; CLEVELAND BROWNS FOOTBALL | |
| 26  COMPANY LLC; DALLAS COWBOYS FOOTBALL CLUB, LTD.; PDB SPORTS, | |
| 27  LTD.; THE DETROIT LIONS, INC.; GREEN BAY PACKERS, INC.; HOUSTON NFL | |
| 28  HOLDINGS, LP; INDIANAPOLIS COLTS, | |

| | |
|---|---|
| 1 | INC.; JACKSONVILLE JAGUARS, LLC; KANSAS CITY CHIEFS FOOTBALL |
| 2 | CLUB, INC.; CHARGERS FOOTBALL COMPANY, LLC; THE RAMS FOOTBALL |
| 3 | COMPANY, LLC; MIAMI DOLPHINS, LTD.; MINNESOTA VIKINGS FOOTBALL, |
| 4 | LLC; NEW ENGLAND PATRIOTS LLC; NEW ORLEANS LOUISIANA SAINTS, |
| 5 | LLC; NEW YORK FOOTBALL GIANTS, INC.; NEW YORK JETS LLC; |
| 6 | PHILADELPHIA EAGLES, LLC; PITTSBURGH STEELERS LLC; FORTY |
| 7 | NINERS FOOTBALL COMPANY LLC; FOOTBALL NORTHWEST LLC; |
| 8 | BUCCANEERS TEAM LLC; TENNESSEE FOOTBALL, INC; PRO-FOOTBALL, INC.; |
| 9 | and THE NATIONAL FOOTBALL LEAGUE, |
| 10 | |
| 11 | Defendants. |

Plaintiff The City of Oakland ("Plaintiff" or "Oakland"), through undersigned counsel, submits this Objection and Response to the Statement of Interest of the United States (Dkt. 55, the "Statement") filed in this matter by the United States Department of Justice ("DOJ").

## I. STATEMENT OF OBJECTION

Plaintiff hereby objects to the Statement as it (1) fails to provide any reasonable or legitimate grounds for its cumulative, untimely filing; (2) was filed less than one week before the hearing on the Motion to Dismiss despite the briefing on the same being completed *almost 3 months ago*; and (3) mirrors non-dispositive, premature arguments already presented by Defendants in their Motion to Dismiss (Dkt. 41). For the reasons more fully set forth below, Plaintiff respectfully requests that the Court disregard the Statement and any arguments that are presented by the DOJ.

## II. THE DOJ FAILS TO PROVIDE ANY REASONABLE OR LEGITIMATE GROUNDS FOR ITS CUMULATIVE, UNTIMELY FILING

The DOJ relies on 28 U.S.C. § 517 in contending that it has a right to make this Statement at this time in this action. In its Statement, the DOJ contends that Plaintiff, as a matter of antitrust standing, should not be allowed to assert lost tax revenues as a component of its damages under its federal antitrust claims. Section 517 states that such statements may be sent to "attend" to the interests of the United States in any state or federal action in which the United States has an "interest." Here, neither the United States, nor any of its governmental departments or branches, is a party. Further, no property of the United States – or potential recovery by the United States (*e.g.*, as in a False Claims Act case) – is at issue. Instead, the DOJ claims that the United States has an interest in this action simply because the federal antitrust laws are being interpreted. (Statement at 1).

As this District Court has recognized, the DOJ – when utilizing Section 517 – is entitled to no special deference, and it should not receive any here. *See, e.g.*, *Foley v. JetBlue Airways, Corp.*, No. C-10-3882 JCS, 2011 WL 3359730, at *9-10 (N.D. Cal. Aug. 3, 2011) (United States Statement of Interest not entitled to any deference); *see also LSP Transmission Holdings, LLC v. Lange*, 329 F. Supp. 3d 695, 703-704 (D. Minn. 2017) (declining to consider Statement of Interest

filed two and a half months after briefing completed); *U.S. ex rel. Gudur v. Deloitte Consulting, LLP*, 512 F. Supp. 2d 920, 926-928 (S.D. Tex. 2007) (granting motion to strike untimely Statement of Interest).

The DOJ's argument is contrary to the common sense wording of 28 U.S.C. § 517. Indeed, under the DOJ's theory, the United States could appear and express an "interest" in *any* case pending in any court in this country so long as a single issue about federal law was involved. Clearly, that is not the intent of Section 517. *See, e.g.*, *United States v. Salus Rehab.*, No. 8:11-CV-1303-T-23TBM, 2017 WL 1495862, at *1 (M.D. Fla. Apr. 26, 2017) ("Nothing about Section 517 supports an intent to create in the [Government] the right to appear and submit argument in any case in which the United States articulates a generic interest in the 'development' and the 'correct application' of the law").

The DOJ first contacted Oakland on June 6, 2019 (the day before the originally-scheduled hearing on Defendants' Motion to Dismiss), and on June 13, 2019, the DOJ spoke to Oakland's Counsel about this case and questioned Oakland's Counsel about a number of issues. Now, *weeks* later, months after briefing on Defendants' Motion to Dismiss was completed, and only one week before argument on Defendants' Motion to Dismiss, the DOJ has appeared in this case and filed the Statement focusing on a single premature, non-dispositive issue. Without reasonable or legitimate grounds, the DOJ essentially restates an argument already made in Defendants' Motion to Dismiss. The Court should not expend its time and energy on an untimely brief filed by an uninterested third-party, raising a cumulative, non-dispositive and premature (*see infra*) argument.

### III. THE DOJ'S NON-DISPOSITIVE ARGUMENTS ARE PREMATURE AND MIRROR THOSE OF DEFENDANTS

#### A. PLAINTIFF SUFFICIENTLY ALLEGES OTHER BASES FOR ANTITRUST STANDING IN ADDITION TO THE RECOVERY OF TAX REVENUES

As the DOJ concedes, Plaintiff is not relying on the recovery of tax revenues as its sole basis for standing under the antitrust laws. (Statement at 2-3). Oakland has alleged other direct injuries it has incurred, or will incur, as a result of Defendants' cartel conduct. Thus, the issue of what damages Oakland can recover *at trial* does not need to, and should not, be determined at this

early pleadings stage.  As discussed below, expert testimony will address the very issue that the DOJ raises, and after this Court has a full record, a more thoughtful and fulsome decision can be made.  Issues such as these are usually dealt with at the summary judgment stage or in motions *in limine* before trial.  The DOJ does not deny that Oakland has alleged other, recoverable antitrust damages (including, for example, other lost income, lost investment value and diminution in the value of the Coliseum site), and thus, it is simply premature to engage in a debate about the full extent of recoverable damages at this time.

Moreover, the DOJ largely repeats, albeit in an expanded version and from the perspective of an uninterested third party, the very same arguments made by Defendants (*see* Defendants' Motion to Dismiss, Dkt. 41, at pp. 9-10), which Plaintiff responded to in its opposition papers (*see* Plaintiff's Opposition to Defendants' Motion to Dismiss, Dkt. 48, at pp. 7-12).  Their cumulative and pro-defense Statement does nothing to further elucidate the issues now before this Court on Defendants' Motion to Dismiss.  Since Plaintiff has presented argument on this point and has alleged ample other bases for antitrust standing on other grounds, the DOJ's Statement is unnecessary and should be disregarded.

### B. THE DOJ'S POSITIONS ARE BASED ON A FLAWED ANALYSIS OF THE MARKET AT ISSUE HERE

The DOJ's arguments – which, as noted, track much of what the Defendants argued in their Motion – are flawed because the DOJ, like Defendants, fails to thoroughly consider the market at issue in this case.  The DOJ's sole argument in the Statement is that Oakland should not be allowed to base its standing on, or to recover lost tax revenues as damages (both single and treble).  (*See generally* Statement).  However, the DOJ builds its argument on an initial, erroneous assumption:  that tax revenues are somehow not related to the "commercial interests or enterprises" of host cities participating in the marketplace for professional sports teams. (Statement at 3-4).

Anyone who reads the newspaper – or listens to any of the public statements made by parties to a professional team relocation or start up – knows that the DOJ is wrong here.  Host Cities engage in the market for professional teams precisely because these teams generate tax

revenues. Accordingly, it is of no surprise that the pricing of Host City/sports team relationships is impacted by these potential revenues.

As Oakland's experts will testify at trial, tax revenues influence the whole structure of a host city/sports team relationship and result in sports teams receiving significant financial benefits that they otherwise would not have received.[1] The DOJ's position would allow professional sports teams, like the Oakland Raiders, to reap the taxpayer-financed benefits derived from the prospects of tax revenues, but then claim immunity from liability when their unlawful conduct injures the host cities that provided those benefits. Like the Defendants, the DOJ's repeated invocation of "sovereign[ty]" misses the point: in the host city/sports team marketplace, Oakland was acting not like a "sovereign," but rather like any other commercial host city participant. Indeed, why else would Las Vegas and Oakland get in a bidding war (in this case one rigged against Oakland) if not for the commercial benefits engendered by the presence of an NFL team? In fact, although the DOJ argues that the collection of tax revenues as damages would be anti-competitive and result in "over-deterrence," the exact opposite is true.[2] A blanket rule that a host city could not recover lost tax revenues would provide professional sports teams with a huge anti-competitive advantage, and an incentive to violate the antitrust laws that much more. It is also ironic that the DOJ is arguing against too much deterrence as deterrence is one of the pillars of antitrust enforcement, both public and private.

## IV.     CONCLUSION

Based on the foregoing, Oakland respectfully requests that the DOJ's Statement be disregarded as cumulative and unnecessary.

/ / /

---

[1]  Imagine, in fact, how different things would be – and how much professional sports teams would pay – in the Host City/sports team market if host cities stood to make no tax revenues from the teams.

[2]  None of the DOJ's cited statutes or case law preclude the recovery of tax revenues as damages and, like Defendants, it misconstrues *Hawaii v. Standard Oil Co.*, 405 U.S. 251 (1972), which is of no support to its arguments. (*See* Oakland's Opposition to Defendants' Motion to Dismiss, Dkt. No. 48, pp. 10-11).

DATED: July 15, 2019

| By: | */s/ Maria Bee* | By: | */s/ James W. Quinn* |
|---|---|---|---|
| | MARIA BEE | | JAMES W. QUINN |

BARBARA J. PARKER (Bar No. 69722)
  bparker@oaklandcityattorney.org
MARIA BEE (Bar No. 167716)
  mbee@oaklandcityattorney.org
ERIN BERNSTEIN (Bar No. 231539)
  ebernstein@oaklandcityattorney.org
**OAKLAND CITY ATTORNEY**
One Frank Ogawa Plaza, 6th Floor
Oakland, California  94612
Telephone:  (510) 238-3601
Facsimile:  (510) 238-6500

JAMES W. QUINN (*pro hac vice*)
  jquinn@bafirm.com
DAVID BERG (*pro hac vice*)
  dberg@bafirm.com
MICHAEL M. FAY (*pro hac vice*)
  mfay@bafirm.com
JENNY H. KIM (*pro hac vice*)
  jkim@bafirm.com
CHRIS L. SPRENGLE (*pro hac vice*)
  csprengle@bafirm.com
BRONWYN M. JAMES (*pro hac vice*)
  bjames@bafirm.com
**BERG & ANDROPHY**
120 West 45th Street, 38th Floor
New York, New York  10036
Telephone:  (646) 766-0073
Facsimile:  (646) 219-1977

By:    */s/ Michael H. Pearson*
       MICHAEL H. PEARSON

CLIFFORD H. PEARSON (Bar No. 108523)
  cpearson@pswlaw.com
DANIEL L. WARSHAW (Bar No. 185365)
  dwarshaw@pswlaw.com
MICHAEL H. PEARSON (Bar No. 277857)
  mpearson@pswlaw.com
MATTHEW A. PEARSON (Bar No. 291484)
  mapearson@pswlaw.com
**PEARSON, SIMON & WARSHAW, LLP**
15165 Ventura Boulevard, Suite 400
Sherman Oaks, California  91403
Telephone:  (818) 788-8300
Facsimile:  (818) 788-8104

BRUCE L. SIMON (Bar No. 96241)
  bsimon@pswlaw.com
BENJAMIN E. SHIFTAN (Bar No. 265767)
  bshiftan@pswlaw.com
**PEARSON, SIMON & WARSHAW, LLP**
44 Montgomery Street, Suite 2450
San Francisco, California  94104
Telephone:  (415) 433-9000
Facsimile:  (415) 433-9008

*Attorneys for Plaintiff City of Oakland*

PLAINTIFF CITY OF OAKLAND'S OBJECTION AND RESPONSE TO THE STATEMENT OF INTEREST OF THE UNITED STATES